Patrick M. Griffin, SBN 276171
Griffin Law Office, APC
1350 Columbia St., Suite 401
San Diego, CA 92101
619-269-2131
Patrick@GriffinLawOffice.com

Attorney for Defendant,
ALEXANDER DMITRIENKO

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 21-cr-1623-JLS |
| Plaintiff, | |
| vs. | |
| | REPLY IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT |
| ALEXANDER DMITRIENKO, | |
| Defendant. | |

## I.
## Introduction

This motion turns on one question: Whether, but for the government's involvement, the alleged Anom enterprise would have existed? The answer is self-evident, given that the government brags it "created, managed, and controlled [Anom]."[1] In doing so, the government crossed the constitutional line between prosecuting crimes

---

[1] 2023 Service to America Medals, website address at ECF 320 at 1 n.1.

and creating them. *See United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003).[2]   The remedy is dismissal. *See United States v. Williams*, 547 F.3d 1187, 1199-2000 (9th Cir. 2008).  And to the extent there is any doubt on this issue, the defense requests an evidentiary hearing to further determine the extent of the government's involvement in the Anom enterprise.

Before further discussing the merits, however, Mr. Dmitrienko addresses the government's repeated violations of Ninth Circuit rules. At least four different times in its response, the government relies on and cites unpublished Ninth Circuit decisions from before 2007.  *See* ECF No. 332 at 5, 12, 14, 15.  This is plainly improper.  Under Circuit Rule 36-3(c), "[u]npublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit[.]"  To remedy these violations, at a minimum, the Court should strike these citations and order the government to file a response that complies with the rules.  *See United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir.1993) ("The prosecutor's job isn't just to win, but to win

---

[2] Unless otherwise noted, within quotations, all emphasis is added and all internal citations as well as internal quotation marks are omitted.

fairly, staying well within the rules.").

## II.
## Discussion

The government begins its opposition with an attempt at a procedural "gotcha." It says, "Dmitrienko makes various references to the U.S. Constitution but does not specify the basis for his motion[.]" ECF No. 332 at 3. But Mr. Dmitrienko's motion expressly stated: "[t]he indictment [] must be dismissed under principles of due process[.]" ECF No. 320 at 2, *also* at 7. Thus, he clearly specified the basis for his motion. The remainder of the government's arguments fail.

**A.     The government's claim that it created the Anom *program* but not the Anom *enterprise* collapses on itself.**

The government does not dispute that it violates due process "when [it] engineers and directs a criminal enterprise from start to finish." *Williams*, 547 F.3d at 1199. It also tacitly concedes the remedy would be dismissal. *See id.* But it claims there was no violation here because, although it created the Anom *program* (the devices, network, marketing, etc.), it played no role in the Anom *enterprise*. This argument, in the words of the Supreme Court, is "slicing the baloney mighty thin." *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018).

The government writes: "Dmitrienko claims the government's role 'in creating that enterprise' was 'total.' *He is right*—and the government does not deny—that it 'created, managed, and controlled the undercover business' of Anom." ECF No. 332 at 8.   But one sentence later, it claims, "[t]he government did not create the Anom Enterprise." ECF No. 332 at 9.   Instead, it says, "the Defendants themselves established the Anom Enterprise." ECF No. 332 at 10.

In support of this contradictory claim, the government references a few messages allegedly sent by Mr. Dmitrienko promoting Anom to fellow users, but this is a non sequitur, as none of the communications undercut the government's admission that it alone was responsible for the criminal instrumentality – i.e., the Anom device, network, and company.   ECF No. 332 at 9-10.   Nor does the government's flawed factor-by-factor analysis change this conclusion.   *See United States v. Black*, 733 F.3d 294, 303 (9th Cir. 2013) (considering six factors in determining outrageous government conduct).

## B.   The government's flawed factor-by-factor analysis.

Because Mr. Dmitrienko's moving papers discussed each factor in detail, here, he addresses them only as needed to correct the government's misstatements.

Factor one is the "known criminal characteristics of the defendant[]." *United States v. Black*, 733 F.3d 294, 303 (9th Cir. 2013). Although the government claims this factor supports its position, the opposite is true. The government now admits that when it created Anom, "the FBI did not have advanced, specific information about the criminal characteristics of the person—Dmitrienko[.]" ECF No. 332 at 6. Thus, by definition, this factor weighs in his favor.

Next, the government says factor two does not help Mr. Dmitrienko because, before it created Anom, it knew generally that other people in the past had used similar devices to facilitate criminal conduct. ECF No. 332 at 6-7. But this ignores that factor two focuses on "*individualized* suspicion." *Black*, 733 F.3d at 303. And as just noted, the government concedes it had no individualized suspicion of Mr. Dmitrienko. ECF No. 332 at 6.[3]

Factor three looks at the government's role in creating the crime. The government claims it was not involved because it did not "create

---

[3] The government also cites *United States v. Bagnariol*, 665 F. 2d 877 (9th Cir. 1981), in support of its argument on this factor, saying it is "illustrative." ECF No. 332 at 7. This is a curious contention, given that *Bagnariol* did not address this factor and the word "suspicion" does not appear in the opinion.

the RICO crime or predicate offenses charged in the Indictment." ECF No. 332 at 9. But the argument is belied by the record, which shows it played a critical role in both. An analogy is helpful.

If a person puts out a table, sets it with the plates, cutlery, and glassware, then invites the guests and pays for the food, that person certainly plays a significant role in creating the dinner, regardless of whether he or she actually eats. The government's claim that it did not play a major role in creating the charged crime – i.e., the alleged Anom RICO enterprise – is pure doublespeak.

The fourth factor is the government's encouragement of the defendants to commit the offense conduct. The government says it "certainly did not . . . encourage any Defendant to engage in the charged offenses." ECF No. 332 at 11. But it certainly did. Again by way of example, if I build an ice-skating rink, the purpose is to encourage ice skating. And if the government builds an illegal alcohol still, its purpose is to encourage bootlegging. *See Greene v. United States*, 454 F.2d 783, 786-87 (9th Cir. 1971).

Here too, the government's purpose in creating Anom was to encourage the users to commit crimes. While such "encouragement" may be "of lesser concern than pressure or coercion," it is still a serious

due process problem because the government should not be in the business of promoting international crime. *Black,* 733 F.3d at 308.

Moving to factor five, the government correctly notes, "[t]he Ninth Circuit has looked to the duration, nature, and necessity of the government's participation." ECF No. 332 at 11. But it fails to acknowledge that all three favor the defense. The government's participation in Anom lasted for years, it created the program from scratch, and as the government admits, "the Anom device and capabilities would not have existed without the FBI's involvement." ECF No. 332 at 13. Thus, duration, nature, and necessity cut in Mr. Dmitrienko's favor.

The sixth factor is the nature of the crime being pursued and the necessity for the actions taken considering the nature of the criminal enterprise at issue. On this factor, the most glaring points are that the *United States* Attorney's Office and the *Federal* Bureau of Investigations were not targeting an existing enterprise or any criminal conduct in the *United States*. On the contrary, they electronically walled off from interception all Anom devices in the United States.

The truth is, Anom was not necessary to protect any substantial American interest.  Considering the disastrous impact of fentanyl and methamphetamine pouring through the Southern border, there was no need for the government to spend millions of dollars and thousands of man-hours building a program in partnership with a European country to monitor the communications of people outside of our country, mainly committing crimes aimed at Europe and Australia.

Sure, from a law enforcement perspective, Anom was cool.  It was undoubtedly a huge ego boost for the prosecutors and agents involved to tell their friends about the secret company they created to wiretap the world.  And it may have been effective in identifying criminality throughout the world; left to their own devices, law enforcement would surely utilize all sorts of effective but unlawful techniques to ferret out or solve crime.  But that's why we have a Constitution.  Under the law, because the balance of the six factors weighs in favor of dismissal, that is what the Court should do.

## C.   Precedent requires dismissal.

Beyond the factors, case law also supports this result.  As the government notes, in *Greene*, 454 F.2d 786-87, the Ninth Circuit dismissed an indictment based on outrageous government conduct

"where the government supplied the equipment and raw material for a bootlegging operation and was the defendant's sole customer." ECF No. 332 at 5.[4] That conduct is not materially different than what happened here. To paraphrase *Greene*, the government supplied the equipment and network for the Anom enterprise and was the defendants' sole provider.[5] Without its essential role, Anom and this case would never have existed.

Nor does the government point to a single case from any court where law enforcement was permitted to go as far as it did here in creating Anom. The reason is apparent, the government's conduct in creating Anom is unprecedented. This Court should not be the first to sanction its overreach.

//

---

[4] *Greene* remains controlling law, contrary to the government's claim. Indeed, the Ninth Circuit recently cited *Greene* as valid precedent, and it has not been overruled or abrogated in any published decision. *See United States v. Dominguez-Caicedo*, 40 F.4th 938, 949 (9th Cir. 2022).

[5] Additional support comes from *United States v. Archer*, 486 F.2d 670 (2d Cir. 1973) and *United States v. Twigg*, 588 F.2d 373, 375-76 (3d Cir. 1978). The government tries to distinguish these cases on their facts, but every case is factually unique. The legal point remains that that here, the government was just as involved in the criminal conduct as those cases. As such, they too support dismissal.

In the end, "[l]aw enforcement conduct becomes constitutionally unacceptable where government agents engineer and direct the criminal enterprise from start to finish." *United States v. Emmert*, 829 F.2d 805, 812 (9th Cir. 1987).  And "[g]eneration of new crimes merely for the sake of pressing criminal charges against the defendant [] constitutes outrageous government conduct." *Id.*  Here, because that is precisely what occurred, dismissal is required.

Finally, before concluding, it is important to reiterate that this Court's prior discovery ruling has forced Mr. Dmitrienko to defend himself with one hand tied behind his back.  In denying defense counsel access to the unredacted discovery, the Court has improperly impeded Mr. Dmitrienko's ability to litigate this motion and his motion to suppress evidence under the Fourth Amendment.

Access to the previously requested unredacted information – including the identity of the third-country individuals involved in the Anom program – would almost certainly yield significant additional evidence that the government created and controlled every facet of the Anom program.  This is material to litigating this motion because it would further demonstrate the prosecution overstepped its bounds by aiding and abetting the crimes alleged here.  It would also provide

strong evidence that the government's joint venture with the third country was designed to avoid domestic constitutional and statutory restrictions on electronic surveillance without individualized suspicion.

Fortunately, it is not too late to balance the scales of justice. This Court has discretion to revisit its prior discovery ruling, order the government to produce the unredacted discovery under an "attorneys' eyes only" protective order, and allow further briefing on the motions once the defense has had the opportunity to see what the government has hidden. *See e.g., Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993).

Even without this critical discovery, for the reasons already explained, Mr. Dmitrienko should prevail. And even if he does not, there is a significant chance we will be back here in a year or two because Ninth Circuit has repeatedly reversed convictions based on the failure to provide discovery. *See, e.g., United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (reversing for failure to order the government to produce discovery); *United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) (same); *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013); *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th

Cir. 2013) (same); *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (same); *United States v. Soto-Zuniga*, 837 F.3d 992, 1000-01 (9th Cir. 2016) (same).

Given this clear, consistent line of authority, it would be far more efficient – and fundamentally more fair – to get it right the first time. But at this point, Mr. Dmitrienko has done all he can. The government continues to violate his rights by hiding behind its "redacting pen." *United States v. Salazar*, 598 Fed. Appx. 490, 492 (9th Cir. 2015). The fairness of this proceeding is in the Court's hands.

Dated:  August 8, 2024          Respectfully submitted,

                            *s/ Patrick M. Griffin*